IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARIA HERNANDEZ                                                                                    PLAINTIFF

vs.                                              Civil No. 2:14-cv-02224

CAROLYN W. COLVIN                                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Maria Hernandez ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her SSI application on October 20, 2011. (Tr. 11, 114-120). Plaintiff alleges being disabled due to a fractured spine, scoliosis, and depression. (Tr. 141). Plaintiff alleges an onset date of June 1, 2006. (Tr. 11). This application was denied initially and again upon reconsideration. (Tr. 51-52). Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 65-67, 27-49).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

On January 31, 2013, this hearing was held in Fort Smith, Arkansas. (Tr. 27-49). Plaintiff was present and was represented by counsel, Kimberly Mueller. *Id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *Id.* During this hearing, Plaintiff testified she was thirty-one (31) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). (Tr. 33). As for her education, Plaintiff testified she had received her GED and has two associate's degrees (one in psychology and one in sociology). *Id.* Plaintiff also testified she was trained as a CNA. *Id.*

After this hearing, on June 14, 2013, the ALJ entered an unfavorable decision denying Plaintiff's SSI application. (Tr. 8-21). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 20, 2011, her application date. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: spine fracture, scoliosis, seizures, and depression. (Tr. 13, Finding 2). The ALJ, however, also found Plaintiff's impairments, singularly or in combination, did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 13-15, Finding 3).

The ALJ then evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-19, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not credible to the extent she alleged. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the clamant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except able to climb ramps and stairs frequently; able to climb ladders, ropes and scaffolds occasionally; able to stoop, kneel, crouch, and crawl occasionally; must avoid all exposure to hazards, including machinery and unprotected heights; foot control operation on the left occasional; and able to perform work where interpersonal contact is routine but superficial, complexity of tasks is

>learned by experience with several variables, judgment within limits, and supervision required is little for routine and detailed for non-routine.

*Id.*

Considering her RFC, age, education, and work experience, the ALJ determined Plaintiff did not retain the capacity to perform her Past Relevant Work ("PRW"). (Tr. 20, Finding 5). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform work as a food preparation worker (unskilled, light) with 400 such jobs in the state and 53,000 such jobs in the United States; maid/housekeeper (unskilled, light) with 1,000 such jobs in the state and 130,000 such jobs in the United States; and cashier II (unskilled, light) with 700 such jobs in the state and 800,000 such jobs in the United States. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 20, 2011 (application date) until June 14, 2013 (ALJ's decision date). (Tr. 21, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 6). On August 25, 2014, the Appeals Council denied this request for review. (Tr .6). On October 23, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 3, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred by not finding she was disabled under Listing 1.04; and (B) the ALJ erred in his RFC determination.  ECF No. 9 at 12-20.  Defendant has responded to these arguments and claims neither supply a basis for reversing this case.  ECF No. 10 at 1-18.  The Court will consider both of Plaintiff's arguments.

**A.**     **Listing 1.04**

Plaintiff claims the ALJ erred in finding her back impairment did not meet or equal Listing 1.04. ECF No. 9 at 12-15.  Specifically, Plaintiff argues the ALJ erred because he "failed to discuss, or even mention, whether the combination of Plaintiff's physical impairments met or medically equaled Listing 1.04." *Id.*  Plaintiff argues this is reversible error. *Id.*

5

In considering this issue, the Court first notes that Plaintiff has "the burden of proof . . . to establish that his or her impairment meets or equals a listing." *Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004). Under the facts in the present action, the Court finds Plaintiff simply has not met that burden.

Notably, at the administrative hearing in this matter, Plaintiff *did not allege* her impairments (singularly or in combination) met the requirements of Listing 1.04. At the administrative hearing, after stating Plaintiff's impairments, her counsel responded to the ALJ's inquiry regarding the Listings as follows:

> ALJ: Okay, and do any of these meet or equal a listing?
>
> ATTY: No, Your Honor.

(Tr. 31). Certainly if Plaintiff's impairments meet or equal the requirements of Listing 1.04, she would have raised this issue at the administrative hearing in this matter.

Further, to meet Listing 1.04, a claimant must supply very specific medical evidence demonstrating the requirements of Listing 1.04 have been met. These requirements include a "compromise of a nerve root" with "evidence of nerve root compression." To support her claim her back impairment meets those requirements, Plaintiff references the results from an MRI scan finding Plaintiff has "compression deformities." (Tr. 1021). Plaintiff argues these symptoms are "equivalent to nerve root compression." ECF No. 9 at 14.

Plaintiff, however, has supplied no evidence demonstrating that "compression deformities" amount to a "compromise of a nerve root" with "evidence of nerve root compression." *Id.* Accordingly, because Plaintiff did not allege her impairments met the requirements of Listing 1.04 at the administrative hearing in this matter and because she has not supplied sufficient medical

evidence demonstrating her impairments meet or equal those requirements, the Court finds no basis for reversal on this issue.

### B. RFC Determination

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record and should be reversed and remanded. ECF No. 9 at 15-20. Specifically, Plaintiff claims the ALJ erred in assessing her RFC in the following ways: (1) failing to include a reaching limitation; (2) failing to consider her obesity; and (3) failing to include limitations in his RFC determination to account for her seizures. ECF No. 9 at 15-20. After reviewing her arguments, the Court finds no basis for reversal on any of these issues.

First, Plaintiff claims the ALJ erred by failing to include a reaching limitation in his RFC determination. ECF No. 9 at 17. Upon review, the Court finds the ALJ did not err in his evaluation of Plaintiff's alleged reaching limitation. Importantly, in support of her claim that she has a reaching restriction, Plaintiff references medical records from Dr. Van Hoang, M.D. and Dr. Adam Sewell, M.D. *Id.* In those reports, however, both doctors found that although Plaintiff had a tender right shoulder, she still had a "normal" range of motion in her right shoulder. (Tr. 328, 946). Thus, neither Dr. Hoang's findings nor Dr. Sewell's findings support Plaintiff's claim that she has a reaching limitation due to her right shoulder impairment.

Second, Plaintiff claims the ALJ erred in considering her obesity. ECF No. 9 at 18-19. As an initial matter, Plaintiff did not allege being disabled due to obesity in her application for disability benefits. (Tr. 141). Instead, Plaintiff only alleged being disabled due to a "fracture in spine," "scoliosis in spinal break," and "depression." *Id.* At the administrative hearing in this matter, Plaintiff also did not allege her obesity caused her to be disabled. (Tr. 27-49). While her attorney

did make passing reference to her obesity while stating her impairments (Tr. 30), there is no absolutely no substantive discussion in the transcript regarding her obesity. Thus, the ALJ was under no obligation to investigate this now-alleged impairment. *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993) and holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'").

Additionally, Plaintiff has supplied no evidence demonstrating her obesity even qualifies as a severe impairment. Even though the standard for demonstrating an impairment is severe is a low standard, Plaintiff still must supply some evidence demonstrating that standard is met. As the Supreme Court has held, a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007). Thus, the Court finds no reason to reverse the ALJ's decision based upon this issue.

Third, Plaintiff claims the ALJ's decision should be reversed and remanded because the ALJ failed to account for all of the limitations she has due to seizures. ECF No. 9 at 19-20. In making this argument, Plaintiff supplies no evidence demonstrating she greater limitations than those found by the ALJ. *Id.* Plaintiff has the burden of establishing her claimed limitations. *See Martise v. Astrue,* 641 F.3d 909, 923 (8th Cir. 2011) (recognizing the burden of establishing the claimant's RFC remains with the claimant). Because Plaintiff has not met that burden, the Court finds no basis for reversal on this issue.

**4.	Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of September 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE